## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| SUBHENDRA NARAYAN | ) | |
| MATTAGAJASINGH and MAMATA | ) | |
| MOHANTY, | ) | |
| | ) | |
| Debtors/Appellants, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-610-NBF |
| | ) | Bankruptcy No. 25-20004-CMB |
| CITIZENS BANK, N.A., US BANK | ) | |
| TRUST, N.A. and RONDA J. | ) | |
| WINNECOUR, CHAPTER 13 TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |

### MEMORANDUM OPINION

I.    INTRODUCTION

Presently before the Court are a "Request to Vacate the Dismissal and Reopen the Case," filed by pro se Appellant Subhendra Narayan Mattagajasingh and attached documents including a petition to proceed in forma pauperis, (Docket No. 7), as well as a "Response of the appellattee (sic) to 10/24/25 Court Order" which was initially filed in the Bankruptcy Court by both Mattagajasingh and his wife/Appellant Mamata Mohanty and later forwarded here by the Bankruptcy Clerk, (Docket No. 8). The Court construes these submissions as a Motion for Reconsideration of the Court's Order of October 24, 2025 dismissing the instant bankruptcy appeal for failure to prosecute. (Docket Nos. 7, 8). After careful consideration of these submissions and for the following reasons, Appellant's Motion for Reconsideration [7] [8] is

DENIED.

II.    BACKGROUND

Appellants live in a residence in Wexford, Pennsylvania and have filed for Bankruptcy Court protection several times over the past few years in an effort to fend off foreclosure proceedings by two lenders, Appellees Citizens Bank N.A. and U.S. Bank Trust, N.A.  *See In re Mattagajasingh and Mohanty*, Bankr. Nos. 22-22364, 23-22334, 25-20004, 25-23237.   The instant matter involves a Notice of Appeal they filed on May 5, 2025 challenging the Bankruptcy Court's April 23, 2025 Order dismissing their third Chapter 13 petition, with prejudice.  (Docket Nos. 1; 1-1 at 3).  In that Order, the Bankruptcy Court found that Appellants filed the Chapter 13 petition in bad faith and further held that they were ineligible to file for bankruptcy protection for a period of 2 years given the numerous deficiencies in their serial bankruptcy filings. (*Id*.). Specifically, the Bankruptcy Court held that Appellants had abused the bankruptcy process by submitting multiple Chapter 13 petitions despite having no reported income and that they had been informed by the Bankruptcy Court on multiple occasions in the prior cases that they could not file a "wait and see" plan to reorganize their debt with no income to fund it while benefiting from the automatic stay precluding their creditors from taking action against their assets.   (*Id*.).

The Clerk of Court docketed the appeal on May 6, 2025 along with correspondence from the Bankruptcy Clerk to Appellants directing them to pay the filing fees of $298 ($293 under 28 U.S.C. § 1930(b) and $5.00 under 28 U.S.C. § 1930(c)) and submit a Civil Cover Sheet as well as correspondence to all parties to the appeal regarding the purchase of necessary transcripts. (Docket No. 1-1 at 43-46).   Later, on August 29, 2025, the Clerk of Court docketed correspondence from the Bankruptcy Clerk transmitting a partial record on appeal and indicating

that "[t]he notice of appeal, the judgment or order appealed from […] are filed with the District Court" and "all designated transcripts have been attached" but that "[t]he appellant[s] [have] not filed the designations of the record on appeal." (Docket No. 4). The Clerk of Court's entry on the docket reflected that briefing would be in accordance with Rule 8018 of the Federal Rules of Bankruptcy Procedure and that Appellants' Brief was due by September 29, 2025. (Docket No. 4).

The deadline passed without Appellants taking any action on the appeal. *See Docket Report*, Civ. A. No. 25-310. Therefore, on October 2, 2025, this Court issued an Order noting the deficiencies in prosecuting the appeal including that:

- Appellants had not paid the filing fees or submitted a motion to proceed in forma pauperis which were due contemporaneously with their filing of the Notice of Appeal pursuant to Rule 8003(a)(3)(C);

- they had not filed a designation of items to be included on the record on appeal which was due within 14 days of the filing of the Notice of Appeal pursuant to Rule 8009(a) and (b);

- a partial record on appeal had been transmitted and that this Court may dismiss the appeal pursuant to Local Bankruptcy Appellate Rule 8007-2 of the U.S. District Court for the Western District of Pennsylvania; and,

- they had not filed their Appellants' Brief which was due by September 30, 2025 pursuant to Rule 8018;

(Docket No. 5). The Court directed Appellants to show cause by October 16, 2025 why they had failed to take the aforementioned actions required under Rules 8003, 8009, and 8018 and warned that if they did not timely respond, this bankruptcy appeal would be dismissed for failure to prosecute. (*Id.*). The October 2, 2025 Order was mailed to Appellants at their address of record. *See Staff Note 10/2/25.*

Appellants did not timely respond to the October 2, 2025 Order.  Accordingly, on October 24, 2025, the Court issued an Order analyzing each of the factors under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) and dismissed this bankruptcy appeal for failure to prosecute.   (Docket No. 6).  This Order explains that the Court had issued the October 2, 2025 Order and outlines the deficiencies in the appeal noted above.  (*Id.*).  Among other things, the Court found that the following factors weighed in favor of dismissing this action:

- Appellants were representing themselves and were therefore personally responsible for failing to pay the filing fees or submit an IFP motion, submit the designations of the record on appeal, file their Appellants' Brief, or respond to the show cause order;

- their creditors were likely prejudiced by the delays in prosecuting the appeal;

- they had a history of dilatoriness given the missed deadlines;

- there were no other alternative sanctions which would be appropriate other than dismissal of the bankruptcy appeal; and,

- the appeal lacked merit because the Bankruptcy Court dismissed their third Chapter 13 petition, with prejudice, due to their multiple filings and despite the prior proceedings, they still lacked a plan to restructure their debt and had taken no real action since their second Chapter 13 petition was dismissed for the same reasons.

(*Id.*).  Although the Court found that the Appellants had not acted in bad faith or willfully, the other *Poulis* factors all weighed in favor of dismissal and the bankruptcy appeal was dismissed. (*Id.*).   The Clerk of Court mailed this October 24, 2025 Order to Appellants at their address of record.  *See Staff Note 10/24/25.*

As noted, Appellant Mattagasingh filed the request to reopen this bankruptcy appeal individually on November 21, 2025 and the Appellants' jointly filed Response was initially

4

submitted to the Bankruptcy Court on November 20, 2025 and forwarded to this Court on December 10, 2025. (Docket Nos. 7, 8). Taken together, these submissions reveal that Appellants claim that they did not receive the October 2, 2025 Order to Show Cause but they admit that they received the October 24, 2025 dismissal order during the first week of November. (*Id.*). Appellant Mattagasingh asks that the Court consider the petition to proceed in forma pauperis he has attached to these submissions, states that he does not know what documents the Court wanted from Appellants and asks that the Court reopen the case and forward any other orders that he allegedly did not receive. (*Id.*).

No further submissions have been made to this Court as of the date of this Order. With that said, the Court takes judicial notice that Appellants have continued to make filings in the Bankruptcy Court since the pending matters were filed. *See Grasinger v. Caterpillar, Inc.*, Civ. A. No. 21-956, 2023 WL 4846843, at *1 (W.D. Pa. July 28, 2023) (quoting *Johnson v. Allegheny Cnty.*, No. 2:14-CV-857, 2014 WL 5513769, at *2 n.2 (W.D. Pa. Oct. 31, 2014)) ("It is well established that "[t]his Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases."). To that end, on November 24, 2025, Appellants filed an "Emergency Motion to Modify or Vacate Refiling Bar and for Leave to File Chapter 13 Bankruptcy" and the Bankruptcy Court entered an Order denying same on November 28, 2025. *See In re Mattagajasingh and Mohanty,* Case No. 25-20004, Docket Nos. 114, 118 (W.D. Pa. Bankr. Nov. 28, 2025). Thereafter, on November 28, 2025, Appellants filed a fourth Chapter 13 Petition which the Bankruptcy Court dismissed on the same day. *See In re Mattagajasingh and Mohanty,* Case No. 25-23237, Docket Nos. 1, 4 (W.D. Pa. Bankr. Nov. 28, 2025).

III.    LEGAL STANDARD

The Court now turns to the relevant legal standards.  Rule 59(e) of the Federal Rules of Civil Procedure states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  It is well established that "Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

> A judgment may be altered under Rule 59(e) if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citation and internal quotation marks omitted).

*In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017), *as amended* (Jan. 25, 2017).  Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Moslem v. Warden, F.C.I. Fort Dix*, No. 23-2819, 2024 WL 658976, at *2 (3d Cir. Feb. 16, 2024) (citing *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011)), to express disagreement with the Court's rulings, *see In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018), or for addressing arguments that a party should have raised earlier, *see Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021) (citation omitted).  At least at the District Court level, motions for reconsideration should be sparingly granted. *See Cole's Wexford Hotel, Inc. v. UPMC and Highmark, Inc.*, 2017 WL 432947, at *2 (W.D. Pa. Feb. 2, 2017).

IV.     DISCUSSION

At the outset, the Court considers the instant Motion to be timely filed as it was received by the Clerk of Court on November 21, 2025 or 28 days after the bankruptcy appeal was dismissed on October 24, 2025. *See* Fed. R. Civ. P. 59(e). However, Appellants have failed to meet their burden to demonstrate that the Court should exercise its discretion to reconsider the dismissal order and reopen this matter. *See Mid-Am. Salt, LLC*, 964 F.3d at 230.

To that end, Appellants have not cited any changes in the controlling law since their bankruptcy appeal was dismissed but claim that they did not receive the Court's October 2, 2025 Order directing them to show cause why the appeal should not be dismissed, state that they do not know what documents are needed to reopen the appeal and have supplied the Court with a petition to proceed IFP filled out by Appellant Mattagasingh only. (*See* Docket Nos. 7, 8). Given same, the Court evaluates whether Appellants have presented new evidence that was not previously available and if the dismissal should be reconsidered due to any errors of law or a manifest injustice. *See Mid-Am. Salt, LLC*, 964 F.3d at 230.

In this Court's estimation, reconsideration of the dismissal of the appeal is not warranted because Appellants' claim that they do not know what documents are needed to prosecute this appeal is not credible given their admission that they received the October 24, 2025 Order. *See id.* As noted above, the dismissal order repeats and outlines all of the deficiencies stated in the October 2, 2025 Order including that Appellants had failed to timely:

- pay the filing fees or submit an IFP motion which were due contemporaneously with the Notice of Appeal on May 5, 2025;

- file their designations of the record to be included on appeal which were due 14 days thereafter or by May 19, 2025; and,

- submit their Appellants' Brief which was due 30 days after the partial record was transmitted or by September 29, 2025.

Appellants were also sent prior correspondence from the Bankruptcy Clerk alerting them to the defects but have not claimed that they did not receive same. To reiterate, Appellants were sent correspondence from the Bankruptcy Clerk on May 5, 2025, and August 8, 2025, which told them that the filing fee had not been paid, that they had not submitted their designations for the record to be included on appeal and that a partial record would be submitted to this Court. (Docket Nos. 1-1 at 43-46; 4-2). They were later sent correspondence on August 26, 2025 by the Bankruptcy Clerk indicating that the partial record was transmitted. (Docket No. 4-1). By operation of Rule 8018, the Appellants' Brief was due within 30 days of the transmission of the record. *See* Fed. R. Bankr. P. 8018(a). Taken together, the record is clear that even if they did not receive the October 2, 2025 Order, Appellants were informed on multiple occasions of the defects in their appeal, including in the most recent dismissal order of October 24, 2025.

Moving on, Appellants' present submissions indicate that they recently asked Clerk's Office staff how to proceed and now essentially seek advice from the Court how to prosecute this appeal following the dismissal. (Docket Nos. 7, 8). The Court recognizes that Appellants are pro se litigants, but it is well established that neither the Court nor Clerk staff have an "'obligation to act as counsel or paralegal to pro se litigants.'" *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (quoting *Piller v. Ford*, 542 U.S. 225, 231 (2004)). Although pro se litigants are provided some flexibility with procedural rules, "federal courts treat pro se litigants the same as any other litigant." *Mala*, 704 F.3d at 244. The general rule "is that courts need not provide substantive legal advice to pro se litigants" because "Judges must be impartial, and they put their impartiality at risk—or at least might appear to become partial to one side—

8

when they provide trial assistance to a party." *Id*. (citing *Piller*, 542 U.S. at 231).  Since the Court has already explained the deficiencies to Appellants, it would be improper to give them advice as to how they should proceed.   *See id.*

With that said, Appellants' submission of the IFP motion by one of the two Appellants seven and a half months after it was due is not sufficient to cure each of the defects identified by the Court such that it does not justify reopening the bankruptcy appeal.  (*See* Docket Nos. 7, 8). Stated differently, Appellants have still not provided any reasons why they have neither submitted their designations of the record on appeal nor their Appellants' Brief at this stage many months after they were due.  (*Id*.).  Further, the continuing delays in prosecuting this appeal and Appellants' inability to cure all of the deficiencies listed in the October 24, 2025 Order do not significantly alter the prior weighing of the *Poulis* factors and justify reopening the matter at this stage.

Some additional facts relevant to the *Poulis* analysis are worth noting.  Appellants have now had an extra month while this Motion was pending to make the necessary submissions by supplementing the instant filings or otherwise.  Instead of doing so, Appellants returned to Bankruptcy Court and filed an "Emergency Motion" and a fourth Chapter 13 petition in an apparent effort to forestall a sheriff's sale of their property which had been scheduled in early December.  Additionally, the IFP motion dated in November of 2025 shows that Appellants lack income outside of monthly Snap benefits which would suffice to show that they would qualify for IFP status but would not be enough to fund a Chapter 13 reorganization plan.  Appellants have yet to file a brief outlining how the Bankruptcy Court erred in dismissing their third Chapter 13 petition but it is apparent that they are not eligible for relief under Chapter 13 given

their lack of income.  *See* 11 U.S.C. § 109(e); *see also In re Myers*, 491 F.3d 120, 126 (3d Cir. 2007).

For all of these reasons, Appellants have not met their burden to demonstrate that the Court should exercise its discretion to reconsider the dismissal of this case for failure to prosecute.

V.    CONCLUSION

Based on the foregoing, Appellants' Motion for Reconsideration (Docket Nos. 7, 8) is DENIED.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated:        December 22, 2025

cc/ecf:        All counsel of record.

cc:            Subhendra Narayan Mattagajasingh
               Mamata Mohanty
               848 Hillcrest Circle
               Wexford, PA 15090
               (via first class and certified mail)